UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR LAMBERT,

    Petitioner,

v.                                                   Case No. 8:08-cv-631-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
                                                 /

## **O R D E R**

Lambert petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his convictions for both sale and possession of cocaine, for which Lambert serves ten years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 12) The respondent offers no challenge to the petition's timeliness.

## **FACTS**[*]

On September 19, 2002, two undercover officers drove to the front of Lambert's residence intending to purchase drugs. A couple of people directed the officers to drive into an alley to the rear of the residence. Lambert approached the car and directed others to stay back. When one of the officers stated to Lambert that he wanted "twenty," Lambert held out his hand and turned to Zachary Oliver, who was standing at the front of the vehicle. Oliver placed a piece of crack cocaine into Lambert's hand. Lambert

---

[*] This summary of the facts derives from Lambert's brief on direct appeal. (Respondent's Exhibit 4)

delivered it to the officer and transferred the officer's twenty dollar bill to Oliver. Lambert was arrested a few weeks later.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The purpose of federal review is not to re-try the state case. "The Anti-Terrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the

- 2 -

>Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694. See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").  Moreover, the phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

In a per curiam decision without a written opinion the state appellate court affirmed Lambert's convictions and sentences on direct appeal. (Respondent's Exhibit 6)  Similarly, in another per curiam decision without a written opinion the state appellate court affirmed the denial of Lambert's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 25)  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Lambert bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). The state court's rejection of Lambert's post-conviction claims warrants deference in this case. (Respondent's Exhibit 22)

## INEFFECTIVE ASSISTANCE OF COUNSEL

Lambert's petition asserts a single claim of ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

- 4 -

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Lambert must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Lambert must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."

- 5 -

466 U.S. at 690-91.  Lambert cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Lambert must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A federal habeas corpus action authorizes no independent determination of the reasonableness of counsel's actions but authorizes only a determination "whether the state habeas court was objectively reasonable in its Strickland inquiry."  Putnam v. Head, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).

Before conducting an evidentiary hearing, the state court rejected several claims of ineffective assistance of counsel. Because the state court correctly recognized (Respondent's Exhibit 12 at 77-78) that Strickland governs each claim of ineffective assistance of counsel, Lambert cannot meet the "contrary to" test in Section 2254(d)(1). Lambert instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts. Because of the presumption of correctness and the highly deferential standard of review, the analysis of Lambert's claim must start with the state court's analysis.

The only claim in the petition is that trial counsel rendered ineffective assistance by failing to investigate and subpoena two exculpatory witnesses, Shawn Williams and Zachary Oliver. After conducting an evidentiary hearing the state post-conviction court summarized the testimony and rejected this claim as follows (Respondent's Exhibit 22 at 214-17) (citations to the record omitted):

### Issue

The sole issue remaining for the court to address at the hearing was whether trial counsel was ineffective in failing to depose and investigate (a) Shawn Williams and (b) Zachary Oliver as exculpatory defense witnesses. The Defendant contends that Shawn Williams and Zachary Oliver were identified by police as being at the scene, and the Defendant contends they would have disputed the police version of what occurred and also say that the Defendant was not involved in the crime. At the hearing, the Defendant's former counsel, Zachary Oliver's former counsel, and Zachary Oliver each testified to this issue.

### Testimony at the Hearing

At the evidentiary hearing, the Defendant's trial counsel . . . testified that the Defendant was charged with sale and possession of cocaine arising from an incident in which two undercover police officers went to the Defendant's neighborhood, which is a known area for drug activity. The officers approached the Defendant for cocaine. Zachary Oliver gave the

- 7 -

cocaine to the Defendant, who sold the cocaine to the officers and brought the money back to Zachary Oliver.

[Trial counsel] testified that there was nothing in discovery to indicate to him that Zachary Oliver would be a good Defense witness. [Trial counsel] also testified that the Defendant never suggested that he interview Zachary Oliver. The Defendant went to trial on March 12, 2002, and was convicted that same day. He was sentenced on March 13, 2002.

Zachary Oliver was also charged with sale and possession of cocaine arising from the same incident in which the Defendant was convicted. At the evidentiary hearing, the court took judicial notice of Zachary Oliver's court file in his case, case number 02-00137CFANO. [Oliver's trial counsel] testified that he filed a Notice of Alibi and a list of witnesses for Zachary Oliver.

Zachary Oliver testified as a Defense witness at the evidentiary hearing. On direct examination, Zachary Oliver testified that during the incident which gave rise to his charges, he did give cocaine to someone to sell. However, he did not give it to the Defendant. He further testified that if called to testify at the Defendant's trial, he would have testified that the Defendant was not involved in the sale.

On cross-examination by the State, Zachary Oliver acknowledged that he entered his plea in April 2002. He testified that prior to April 2002, his position was that he was not at the scene of the crime and that he did not sell drugs. He also stated that in February and March 2002, his position was that he was not at the crime scene and that he did not sell drugs. Finally, he testified that if called to testify in March 2002 in the Defendant's trial, he would have testified that he was not at the crime scene and that he did not sell drugs.

On re-direct examination by the Defense, Zachary Oliver testified that if called to testify in the Defendant's trial in March 2002, he would have testified that he was there at the scene, but the Defendant was not at the scene.

On re-cross examination by the State, Zachary Oliver testified that at this time, he could not testify as to what he would have said in the Defendant's trial in March 2002, because that was years ago. Then, he stated that he would not have testified to anything because he did not go to court in March 2002.

Finally, on re-direct examination by the Defense, Zachary Oliver testified that in March 2002, he knew that he would be accepting the State's plea

- 8 -

bargain, and that he would no longer be arguing an alibi defense. He further testified that if called to testify in the Defendant's trial in March, he would not have asserted an alibi at that trial.

## Analysis

### (a.) Shawn Williams

The Defendant failed to present any evidence or testimony to support his claim with regard to Shawn Williams. The court finds that he abandoned this claim. This portion of the Defendant's claim is denied. See Boivert v. State, 693 So. 2d 652 (Fla. 5th DCA 1997); Thomas v. State, 206 So. 2d 475 (Fla. 2d DCA 1968).

### (b.) Zachary Oliver

The Defendant did present evidence and testimony to support his claim with regard to Zachary Oliver. The unrebutted testimony and evidence established that the Defendant did not tell his counsel that Zachary Oliver would be a good Defense witness or tell counsel what Zachary Oliver would have testified to had he been called during the Defendant's trial.

Zachary Oliver's own testimony during the evidentiary hearing was inconsistent as to what he would have testified to had he been called to testify during the Defendant's trial. At the evidentiary hearing, Zachary Oliver gave at least three different versions of what his testimony would have been at the Defendant's trial, had he been called as a witness, including: (1) he would have claimed he was not present at the scene, and therefore would have no knowledge of whether the Defendant was present at the scene; (2) he could not recall what he would have testified to if called during the Defendant's trial because it was too long ago; and (3) he would have testified that he was present at the crime scene, but the Defendant was not present at the scene.

In light of Zachary Oliver's inconsistent statements at the evidentiary hearing, the court finds that he is not credible. Furthermore, as argued by the State, even though one of Zachary Oliver's statements was that he knew he would be pleading to his charges in March 2002, the record of his court file refutes that statement. [Oliver's trial counsel] filed alibi paperwork on March 5, 2002, and a notice of taking depositions on March 27, 2002. Therefore, it appears that the decision to enter a plea and abandon the alibi defense had not yet been made. Overall, the court finds that Zachary Oliver is not a credible witness. Furthermore, the court finds that the Defendant has failed to establish that Zachary Oliver would have been a beneficial trial witness for the Defense. Finally, the court finds that the

> Defendant has failed to establish that he was prejudiced by counsel's failure to interview Zachary Oliver. This claim is denied.

Lambert defaulted his claim regarding Shawn Williams by failing to present evidence at the state evidentiary hearing. Moreover, Lambert failed to include that claim when he appealed the denial of post-conviction relief. Regarding Zachary Oliver, the state court accepted trial counsel's testimony over that of Oliver. A federal court must defer to the state court's findings of fact. 28 U.S.C. § 2254(e)(1). This deference applies to credibility determination that resolves conflicting testimony. "We must accept the state court's credibility determination and thus credit [the attorney's] testimony over [the petitioner's]. Coulter v. Herring, 60 F.3d 1499, 1503 (11th Cir. 1995) (applying the statutory presumption of correctness under § 2254(d) to the state court's credibility determination), cert. denied, 516 U.S. 1122 (1996)." Baldwin v. Johnson, 152 F.3d 1304, 1316 (11th Cir. 1998), cert. denied, 526 U.S. 1047 (1999). Oliver's contradictory representations about his possible testimony supports the state court's credibility determination. Lambert presents no basis for rejecting the state court's credibility determination. Because he fails to prove both deficient performance and prejudice, Lambert fails to show that the state court unreasonably applied Strickland.

Accordingly, Lambert's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Lambert and close this case.

ORDERED in Tampa, Florida, on November 23, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE